# In the United States Court of Federal Claims

No. 18-72C
Filed: September 14, 2020

| | |
|---|---|
| **RAJENDRA R. RAJPAUL,**<br><br>        *Plaintiff*,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>        *Defendant*. | **Keywords:** 10 U.S.C. § 1372; Military Pay; Army Board for Correction of Military Records; temporary service; RCFC 52.1; Judgment on the Administrative Record |

*Joseph Whitcomb*, Whitcomb, Selinsky, PC, Denver, CO, for Plaintiff.

*Douglas G. Edelshick,* Trial Attorney, with whom were *Steven J. Gillingham*, Assistant Director, *Robert Kirshman*, Director, Commercial Litigation Branch, Civil Division, *Ethan P. Davis*, Acting Assistant Attorney General, U.S. Department of Justice, Washington, D.C., and *Major Nicholas D. Morjal*, U.S. Army, Of Counsel, for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

      In this military pay case, Plaintiff, Sergeant Rajendra Rajpaul ("Rajpaul"), seeks adjustment of his military records to reflect retirement at a grade and rank to which he was never formally promoted.[1] Although Rajpaul logged temporary service in a position above his grade and rank, the Army interprets 10 U.S.C. § 1372 to require actual, lawful promotion to qualify for retirement at the temporarily held grade and rank. The military corrections board found that Rajpaul was considered—but was not selected—for promotion, and thus never received any formal promotion orders. Both parties moved for judgment on the administrative record. (Pl.'s Mot. for J. on the AR ("Pl.'s MJAR"), ECF No. 36; Def.'s Cross-Mot. for J. on the AR ("Def.'s MJAR"), ECF No. 37). This matter now stands submitted and is ripe for decision.

      As explained below, Rajpaul's Motion for Judgment on the Administrative Record is **DENIED**, and the United States' Cross-Motion for Judgment on the Administrative Record is **GRANTED**.

---

[1] Despite never having been formally promoted, Rajpaul has repeatedly identified himself with his requested rank of "MSG" (Master Sergeant) in the captions of his briefs. (*See* Pl.'s MJAR, ECF No. 36; Pl.'s Reply, ECF No. 38).

I. **Background**

Rajendra Rajpaul began his military service with the U.S. Navy in 1980. (AR 636).[2] Rajpaul then joined the U.S. Army in 1984, where he served until his discharge in 2014. (AR 636, 374). On July 1, 2010, Rajpaul was promoted to Sergeant First Class ("SFC"). (AR 004). In August 2011, while serving as a Sergeant First Class, Rajpaul accepted a reserve position with the G2 Intelligence Division as a Non-Commissioned Officer in Charge, a Master Sergeant (E-8) position. (AR 004). This position was designated as a drilling Individual Mobilization Augmentee ("IMA") position, meaning Rajpaul would perform his reserve drills with this active duty unit. (AR 005; *see also* AR 869–71 (citing Army Regulation 140-145, which pertains to the IMA Program)). Rajpaul was twice continued in this position. (AR 005). On November 11, 2011, Rajpaul was assessed with post-traumatic stress disorder and degenerative joint disease in his left shoulder. (AR 007). An informal Physical Evaluation Board recommended Rajpaul be retired for disability. (AR 007). Rajpaul concurred with this recommendation. (AR 007).

On September 17, 2012, Human Resources Command published a promotion list for servicemembers in IMA positions. (AR 005). This list explicitly stated that promotions were subject to further administrative action and the list was not to be construed as a promotion order. (AR 006). The promotion list included names of 126 Sergeants First Class, including Rajpaul, but only twenty-three of those names included sequence numbers.[3] (AR 006). Rajpaul's name was not accompanied by a sequence number, meaning he was considered, but not selected for promotion to Master Sergeant. (AR 006, 286). Thereafter, Rajpaul made several attempts to contact Human Resources Command regarding his misunderstanding of the published promotion list. Human Resources Command repeatedly informed Rajpaul that he was considered, but not selected for promotion. (AR 007).

On December 6, 2013, Rajpaul was ordered to report to the Warrior Transition Unit at Fort Bliss to begin processing for disability retirement. (AR 007). Several documents were generated during this process that erroneously posted Rajpaul's retired grade as E-08 (Master Sergeant). (AR 008). These documents were generated based on information, provided from an unknown source, that Rajpaul was on the promotion consideration list. (AR 008). As a result, Rajpaul was erroneously coded as a Master Sergeant in the Military Personnel Transition Point Processing System. (AR 008). The Army Physical Disability Agency later corrected this error, properly coding Rajpaul as a Sergeant First Class. (AR 008).

---

[2] The United States filed the Administrative Record on July 10, 2019, (ECF No. 21). The United States supplemented this record on March 18, 2020, (ECF No. 33). The supplemented material is consecutively paginated; therefore, the Court simply refers to the entire supplemented record as "AR" using the pagination located in the bottom right corner.

[3] Promotions occur as vacancies exist; thus, the sequence number delineates the order soldiers will be actually be promoted after selection for promotion. (*See* AR 005 ("The HRC website Facts and Answers to Questions (FAQs) on enlisted promotions states, a Soldier's sequence number will be included on the selection list. If there is a sequence number beside the Soldier's name, the Soldier was selected for promotion. Conversely, if there is no sequence number by the Soldier's name, the Soldier was NOT selected for promotion.")).

On February 6, 2014, Rajpaul was disciplined for failing to obey a lawful order issued by his company commander to remove his Master Sergeant rank and wear his proper Sergeant First Class rank. (AR 007, 791–92). Later, in March 2014, the Chief of the Department of the Army Promotions Branch at Human Resources Command issued a memorandum stating Rajpaul's claim that his retirement order should be amended to the rank of Master Sergeant was "unsubstantiated." (AR 007). This memo was provided to Rajpaul. (AR 007).

Rajpaul was to be retired from service on February 11, 2014, but due to either Rajpaul's failure to sign and submit the proper paperwork, or the Army's failure to provide Rajpaul with the proper paperwork, his retirement date was extended. (AR 011–12). On March 28, 2014, Rajpaul's company commander stated Rajpaul refused to sign any documents related to his medical retirement, out-processing, or accrued leave. (AR 012). As a result, the company commander directed Rajpaul be processed out with an effective retirement date of February 11, 2014. (AR 016). Rajpaul was retired as a Sergeant First Class at a grade of E-7 with an "honorable" characterization of service. (AR 188).

In December 2014, the Army Board for Correction of Military Records ("ABCMR" or the "Board") denied Rajpaul's request to change his retired grade to E-8. (AR 284–88). The Board found Rajpaul served on active duty in the E-7 pay grade as a sergeant, was never promoted to Master Sergeant, and was placed on the Temporary Disability Retired List at the pay grade of E-7. (AR 286). The Board reasoned that Rajpaul was not included on the promotion standing list on the day of his separation and, despite his inclusion on the selection list, his name did "not contain a sequence number[,] which indicates [Rajpaul] was considered but was not selected [for promotion]." (AR 286). This finding was based on an advisory opinion from the Army Human Resources Command. (AR 286–87).

Rajpaul filed suit in this Court in January 2018 challenging this decision from the Board. (Compl., ECF No. 1). In April 2018, the Court remanded this matter to the ABCMR for consideration of two issues,[4] including whether, under 10 U.S.C. § 1372(2), Rajpaul qualified for retirement at his temporary grade of E-8—an issue not squarely addressed in prior proceedings before the Board. (Order Remanding, ECF No. 8; *see also* Def.'s Mot. for Remand, ECF No. 7).

On June 24, 2019, the Board denied Rajpaul's request to correct his retirement grade to E-8. (AR 16–17). The Board concluded that the "orders assigning [Rajpaul] to a MSG position as a drilling Individual Mobilization Augmentee . . . did not reflect promotion to MSG or that [Rajpaul] was serving in a temporary grade of E-8" because "[n]either order [was] a promotion order." (AR 16–17). Further, the Board made clear "this assignment did not reflect service in a higher temporary grade pursuant to [10 U.S.C. § 1372(2)]" but rather characterized Rajpaul's IMA assignment as mere service in a *position* above his assigned grade and rank. (AR 17). The Board reiterated its previous decision that Rajpaul "was considered, but not selected, for

---

[4] Rajpaul also requested review of his claim for unpaid leave. The ABCMR granted Rajpaul partial relief on this claim. (AR 17–18).

3

promotion to Master Sergeant[.]" (AR 17). The Board also addressed a series of erratic orders[5] issued from January to March 2014. (AR 18, 8). The Board concluded that "orders 042-0103 showing [Rajpaul's] retired grade of E-7/SFC and effective date of retirement at [February 11, 2014] were the final orders in effect." (AR 9).

Rajpaul requested reconsideration by the Board in February 2020. (AR 785). The Board again denied relief, finding Rajpaul "was voluntarily transferred into a position one grade higher than his grade" but that "assignment did not constitute service in a higher temporary grade as required by [§ 1372(2)]" because Rajpaul was not issued a promotion order for this position and "any orders reflecting a retirement grade of E-8 were published in error." (AR 806). Finally, because Rajpaul insinuated that he was informally promoted simply by either his inclusion on the promotion list or erroneous coding of his retired rank, the Board clarified that no such informal promotion (i.e. "frocking")[6] took place, nor could it under Army regulations. (AR 807). Specifically, the Board found that "Army regulations and policy do not authorize frocking of a [Sergeant First Class] to the rank of [Master Sergeant]" thus even if Rajpaul could claim he was "frocked," that action "did not constitute a valid promotion." (AR 807). Rajpaul now challenges the February 2020 ABCMR decision as unsupported by substantial evidence because it is inconsistent with controlling military regulations. (Pl.'s MJAR at 5–6).[7]

## II.     Standard of Review

Where, as here, the parties have filed cross-motions for judgment on the administrative record, RCFC 52.1 provides a procedure for parties to seek the equivalent of an expedited trial on a "paper record, allowing fact-finding by the trial court." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005). Unlike summary judgment standards, genuine issues of material fact do not preclude a judgment on the administrative record. *See id.* at 1355–56. Questions of fact are resolved by reference to the administrative record. *Id.* at 1356.

In challenging the determinations of a military corrections board, a plaintiff must demonstrate "by cogent and clearly convincing evidence," *Wronke v. Marsh*, 787 F.2d 1569,

---

[5] Orders 013-0106; 038-0167; 042-0048; 071-0103; 042-0103; 068-0029; and 089-0001 were issued in January, February, and March to change, revoke, and correct records related to Rajpaul's retired rank. (AR 8). In summary, "[t]he net result is that the above orders showing [Rajpaul's] correct retired rank of [Sergeant First Class] stand." (AR 9).

[6] "Frocking" is the process by which a soldier selected for promotion serves at the next higher grade level prior to formal promotion. *See* Chapter 7-10, Army Regulation 600-8-19; Chapter 8-24, Army Regulation 614-200.

[7] In his brief, Rajpaul appears to blend two bases for agency review, titling the sole section of argument: "The ABCMR's Decision is Not Consistent with the Controlling Regulations and is Therefore Unsupported by Substantial Evidence." (Pl.'s MJAR at 5). Rajpaul's reply brief focuses on whether the Board's decision was supported by substantial evidence. (Pl.'s Reply at 2). However, because the Court finds the Board's decision was both supported by substantial evidence and consistent with controlling military regulations, further discussion of this apparent confusion is unnecessary.

4

1576 (Fed. Cir. 1986), that the military board's decision was "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006). It is well settled that "responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province; and that courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence." *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983) (citations omitted). Moreover, "military administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs." *Dodson v. United States*, 988 F.2d 1199, 1204 (Fed. Cir. 1993).

A court may set aside an agency's decision if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or the decision is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Ala. Aircraft Indus., Inc. v. United States*, 586 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). However, "[w]hen substantial evidence supports the board's action, and when that action is reasonable in light of all the evidence presented, the court will not disturb the result." *Pope v. United States*, 16 Cl. Ct. 637, 641 (1989). The court's review "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence." *Heisig*, 719 F.2d at 1157.

### III.   Analysis

Rajpaul argues that the Board's decision to retire him at E-7 is unsupported by substantial evidence because it is inconsistent with controlling military regulations. (Pl.'s MJAR at 5–6; *see also* Pl.'s Reply at 2, ECF No. 38 ("the Board's determination lacks any substantial evidence which would lead a reasonable fact finder to conclude that [Rajpaul's IMA assignment] did not constitute service in the higher MSG rank.")). The United States counters that Rajpaul was not promoted but was only serving in an E-8 *position* at the time of his retirement, and thus was not entitled to retirement at E-8 under § 1372(2). (Def.'s MJAR at 6–7). The Court agrees with the United States.

The Court begins with the text of the relevant statute:

> Unless entitled to a higher retired grade under some other provision of law, any member of an armed force who is retired for physical disability under section 1201 or 1204 of this title, or whose name is placed on the temporary disability retired list under section 1202 or 1205 of this title, is entitled to the grade equivalent to the highest of the following:
>
> **(1)** The grade or rank in which he is serving on the date when his name is placed on the temporary disability retired list or, if his name was not carried on that list, on the date when he is retired.
>
> **(2)** The highest temporary grade or rank in which he served satisfactorily, *as determined by the Secretary of the armed force from which he is retired*.

10 U.S.C. § 1372 (emphasis added). The statute does not specify what constitutes the "highest temporary grade or rank in which [a servicemember served] satisfactorily," delegating to the

Secretary of the Army the power to proscribe further regulations on the matter. The Secretary has determined that the "'[h]ighest grade served on active duty' is the grade to which a soldier was actually promoted and paid pursuant to a lawful promotion." Chapter 3-2, ¶ (a) of Army Reg. 15-80 ("Enlisted Personnel Grade Determinations"); (*see also* DA at 8–9, ECF No. 37-1).

Here, the Board concluded that Rajpaul's August 2011 orders to report to his temporary assignment "were not promotion orders." (AR 806). Instead, the Board found that "[Rajpaul] was voluntarily transferred into a position one grade higher than his grade as authorized [by] Army Regulation 140-10, paragraph 2-6."[8] (AR 806). This conclusion is supported by the August 2011 orders assigning Rajpaul to a temporary E-8 position under the authority of the IMA program. (*See* AR 869–70 (citing Army Reg. 140-145)). In relevant part, Army Regulation 140-145 provides:

> Enlisted Soldiers will hold the same grade, or be one grade lower than the authorized grade of the documented IMA position. Following promotion, over-graded enlisted Soldiers may be temporarily retained in their position up to 1 year. After 1 year, the Soldier must be reassigned or removed from the IMA Program unless an exception to policy is granted by HRC, Fort Knox.

Chapter 3-1, ¶ (e)(2) of Army Reg. 140-145; (*see also* DA at 146). The language permitting a servicemember to hold an IMA position "one grade lower than the authorized grade" for that position supports the Board's conclusion that Rajpaul's assignment was not a promotion.

Further, the Board evaluated whether Rajpaul had ever otherwise been selected for promotion, concluding that Rajpaul "was considered, but not selected for promotion to [Master Sergeant]." (AR 806). Because Rajpaul "was not selected for promotion, . . . there was no promotion order to publish or send to [him]." (AR 789). As further evidence, the Board cited the absence of a sequence number next to his name on the promotion recommended list. (AR 806, 789). The Board stated:

> Individuals on the list who were selected for promotion had a sequence number next to their names and those who were not selected did not have a sequence number next to their names. The applicant did not have a sequence number next to his name and thus was not selected for promotion [to Master Sergeant]."

(AR 789). Finally, the Board reviewed Rajpaul's records and found "any orders reflecting a retirement grade of E-8 were published in error" based on erroneous information and were later "changed to accurately reflect retirement in the grade of E-7." (AR 806–07). In considering all of the above, the ABCMR denied Rajpaul's application for relief.

The Board's conclusion that Rajpaul was not serving in a temporary grade of E-8 at the time of his separation is supported by substantial evidence, consistent with military regulations, and is reasonable in light of the evidence presented. Therefore, the Court "will not disturb the

---

[8] Army Regulation 140-10, paragraph 2-6, provides that a soldier may request assignment to an Army Reserve united by application, written request for assignment orders, or contacting a local U.S. Army recruiter. (DA 38).

6

result." *Pope v. United States*, 16 Cl. Ct. 637, 641 (1989); *accord Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983).

## IV.   Conclusion

The Court finds the decision of the ABCMR was supported by substantial evidence and was not otherwise arbitrary, capricious, or contrary to law. Therefore, the Court **DENIES** Rajpaul's Motion, (Pl.'s MJAR, ECF No. 36), and **GRANTS** the United States Motion for Judgment on the Administrative Record, (ECF No. 37). The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge